JUDGE KOELTL

11 CV 2356



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHUI W. KWONG; GEORGE GRECO; GLENN
HERMAN; NICK LIDAKIS; TIMOTHY S.
FUREY; DANIELA GRECO; NUNZIO CALCE;
SECOND AMENDMENT FOUNDATION, INC.;
and THE NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, INC.,

                                        Plaintiffs,

                 -against-

MICHAEL BLOOMBERG, in his Official
Capacity as Mayor of the City of New York; CITY
OF NEW YORK; and ERIC SCHNEIDERMAN, in
his Official Capacity as Attorney General of the
State of New York,

                                        Defendants.

**COMPLAINT FOR DEPRIVATION OF
CIVIL RIGHTS UNDER COLOR OF LAW**

Plaintiffs SHUI W. KWONG; GEORGE GRECO; GLENN HERMAN; NICK LIDAKIS;

TIMOTHY S. FUREY; DANIELA GRECO; NUNZIO CALCE; SECOND AMENDMENT

FOUNDATION, INC.; and THE NEW YORK STATE RIFLE & PISTOL ASSOCIATION,

INC., by and through their undersigned counsel, as and for their Complaint against Defendants

MICHAEL BLOOMBERG ("Mayor Bloomberg"), the CITY OF NEW YORK (the "City"), and

ERIC SCHNEIDERMAN, allege as follows:

1.      This action for deprivation of civil rights concerns the City's $340 fee for

issuance or renewal of a 3-year "Residence Premises" handgun license pursuant to § 400.00(14)

of the New York Penal Law and § 10-131(a)(2) of the New York City Administrative Code.

This fee is excessive and is not used to defray administrative costs, and hence, it impermissibly

burdens the Second Amendment right to keep and bear arms.

2.      This suit also challenges Penal Law § 400.00(14), which limits the maximum fee for issuing a New York State handgun license to $10, but exempts New York State citizens who happen to reside in New York City from its protection.  The right to keep and bear arms is a fundamental civil right, and this disparate State law treatment violates the Equal Protection Clause.

3.      Plaintiffs seek declaratory and injunctive relief and attorney's fees and costs.

<u>**INTRODUCTION**</u>

4.      It is illegal to possess or carry a handgun in the State of New York, including within one's home, unless one holds a handgun license issued pursuant to § 400.00 of the New York Penal Law.  <u>See</u> N.Y. Penal Law §§ 265.01(1), 265.20(a)(3).

5.      The City issues Residence Premises handgun licenses to applicants who reside in the City of New York pursuant to § 400.00 of the Penal Law.  <u>See</u> N.Y.C. Admin. Code § 10-131(a)(1); 38 RCNY 5-02.  A Residence Premises handgun license allows a person to possess and carry a handgun within a specified residence, and also to transport the handgun (locked, cased, and unloaded) directly to and from a target range.  <u>See</u> 38 RCNY 5-23(a).  A Residence Premises license is the only license that a private citizen living in New York City can obtain without showing special "need" or "cause."  <u>See generally</u> 38 RCNY 5-01.

6.      A person applying for a handgun license anywhere in New York State must submit fingerprints for a background investigation that is conducted by the New York State Division of Criminal Justice Services ("DCJS").  <u>See</u> N.Y. Penal Law § 400.00(4).  DCJS notifies the licensing official (*i.e.* the City of New York, or elsewhere in the State, generally a designated county judge) of the results of the investigation.  <u>See</u> <u>id.</u>

7.      All applicants in New York State must pay a fingerprint and investigation fee to DCJS that is (presently) $94.25.  See N.Y. Exec. Law § 837(8-a); 9 NYCRR 6051.3(a)-(b).  This lawsuit does not challenge this fee.

8.      This lawsuit challenges *only* § 10-131(a)(2) of the New York City Administrative Code, which requires applicants in New York City to pay an additional $340 fee, and § 400.00(14) of the New York Penal Law, which authorizes the City to charge different fees than the other licensing authorities throughout the State.  This lawsuit does not otherwise challenge the laws of the City and State governing the issuance of handgun licenses.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983.

10.      This Court has personal jurisdiction over each of the Defendants because, *inter alia*, they acted under the color of laws of the City and/or State of New York and/or within the geographic confines of the State of New York.

11.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES AND STANDING

12.      Plaintiff Shui W. Kwong ("Mr. Kwong") is a citizen and resident of the State of New York residing in Brooklyn.

13.      Mr. Kwong is a 43 year-old Chinese-American who is married and has two children, and who is employed as a union electrical worker.

14.      Mr. Kwong holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

15.     Mr. Kwong will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

16.     Furthermore, Mr. Kwong has paid the $340 fee prior to the filing of this lawsuit.

17.     Plaintiff George Greco ("Mr. Greco") is a citizen and resident of the State of New York residing in Rockaway.

18.     Mr. Greco is a 51 year-old man who is married and has 2 children.  Mr. Greco is a principal of Midhattan Woodworking Co.  Mr. Greco is a board member of Plaintiff New York State Rifle & Pistol Association.

19.     Mr. Greco holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

20.     Mr. Greco will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

21.     Furthermore, Mr. Greco has paid the $340 fee prior to the filing of this lawsuit.

22.     Plaintiff Glenn Herman ("Mr. Herman") is a citizen and resident of the State of New York residing in New York, New York.

23.     Mr. Herman is a 43 year-old married man.  Mr. Herman is a firearms safety instructor certified by the National Rifle Association of America.

24.     Mr. Herman holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

25.     Mr. Herman will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

26.     Furthermore, Mr. Herman has paid the $340 fee prior to the filing of this lawsuit.

27.     Plaintiff Nick Lidakis ("Mr. Lidakis") is a citizen and resident of the State of New York residing in Queens.

28.     Mr. Lidakis is a 37 year-old single man who lives with his girlfriend.  Mr. Lidakis is a paramedic who serves the people of the City of New York who require emergency medical assistance.

29.     Mr. Lidakis holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

30.     Mr. Lidakis will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

31.     Furthermore, Mr. Lidakis has paid the $340 fee prior to the filing of this lawsuit.

32.     Plaintiff Timothy Furey ("Mr. Furey") is a citizen and resident of the State of New York residing in Queens.

33.     Mr. Furey holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

34.     Mr. Furey's current Residence Premises handgun license will expire on April 27, 2011.  The City sent Mr. Furey renewal paperwork that required, *inter alia*, payment of the $340 fee specified by N.Y.C. Admin. Code § 10-131(a)(2).

35.     Mr. Furey paid the $340 fee, under protest, on March 21, 2011.

36.     Plaintiff Daniela Greco ("Mrs. Greco") is a citizen and resident of the State of New York residing in Rockaway.

37.     Mrs. Greco is married and has two children.  She is a New York City public school teacher.

38.     Mrs. Greco holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

39.     Mrs. Greco will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

40.     Furthermore, Mrs. Greco has paid the $340 fee prior to the filing of this lawsuit.

41.     Plaintiff Nunzio Calce ("Mr. Calce") is a citizen and resident of the State of New York residing in Bronx County.

42.     Mr. Calce is a 37 year-old married man with children.  He is a Certified Public Accountant and is first generation Italian-American.

43.     Mr. Calce holds a Residence Premises handgun license issued by the New York City Police Department pursuant to N.Y. Penal Law § 400.00 and N.Y.C. Admin. Code § 10-131.

44.     Mr. Calce will be required to pay $340 to renew his Residence Premises handgun license pursuant to N.Y.C. Admin. Code § 10-131(a)(2).

45.     Furthermore, Mr. Calce has paid the $340 fee prior to the filing of this lawsuit.

46.     Plaintiff Second Amendment Foundation, Inc. ("SAF") is a non-profit member organization incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.

47.     Plaintiff SAF has over 650,000 members and supporters nationwide, including in the City and State of New York.  The purposes of SAF include promoting both the exercise of

the right to keep and bear arms and education, research, publishing, and legal action focusing on the constitutional right to privately own and possess firearms.  SAF also promotes research and education on the consequences of abridging the right to keep and bear arms and on the historical grounding and importance of the right to keep and bear arms as one of the core civil rights of United States citizens.

48.     Members of SAF have paid the $340 fee required for a New York City Residence Premises handgun license, and members of SAF would apply for a Residence Premises handgun license but for the prohibitive $340 fee.

49.     SAF brings this action on behalf of itself and its members.

50.     Plaintiff The New York State Rifle & Pistol Association, Inc. ("NYSRPA") is a non-profit membership corporation incorporated under the laws of the State of New York with its principal place of business in Troy, New York.

51.     Plaintiff NYSRPA was first organized in 1871 and is the State's largest, and the nation's oldest, firearms advocacy organization.

52.     NYSRPA is dedicated to the preservation of Second Amendment rights, firearm safety, education and training, and the shooting sports.  NYSRPA's membership consists of individuals and clubs throughout New York State.

53.     Members of NYSRPA have paid the $340 fee required for issuance or renewal of a Residence Premises handgun license, and members of NYSRPA would apply for a Residence Premises handgun license but for the prohibitive $340 fee.

54.     NYSRPA brings this action on behalf of itself and its members.

55.     Defendant Mayor Michael Bloomberg ("Mayor Bloomberg") is sued in his official capacity as Mayor of the City of New York, responsible for executing and administering the laws of the City of New York, including New York City Administrative Code § 10-131.

56.     Defendant City of New York (the "City") is a municipal corporation incorporated under the laws of the State of New York.

57.     Defendant Attorney General Eric Schneiderman is sued in his official capacity as the Attorney General of the State of New York, responsible for executing and administering the laws of the State of New York, including Penal Law § 400.00(14).

## CONSTITUTIONAL PROVISIONS

58.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

59.     The Fourteenth Amendment provides in pertinent part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1.

## NEW YORK STATE LAWS

60.     Section 400.00 of the New York Penal Law governs the issuance of permits to

possess and carry handguns.

61.     Section 400.00(2) provides in pertinent part:

> Types of Licenses. . . .  A license for a pistol or revolver . . . shall be
> issued to (a) have and possess in his dwelling by a householder[.] . . .

N.Y. Penal Law § 400.00(2).

62.     Section 400.00(14) provides in pertinent part:

> Fees. . . .  In [New York C]ity, the city council and in the county of
> Nassau the Board of Supervisors shall fix the fee to be charged for a
> license to carry or possess a pistol or revolver and provide for the
> disposition of such fees.  Elsewhere in the state, the licensing officer shall
> collect and pay into the county treasury the following fees: for each
> license to carry or possess a pistol or revolver, not less than three dollars
> nor more than ten dollars as may be determined by the legislative body of
> the county. . . .

N.Y. Penal Law § 400.00(14).

## NEW YORK CITY LAWS

63.     Section 10-131 of the New York City Administrative Code provides:

> Every license to carry or possess a pistol or revolver in the city may be
> issued for a term of no less than one or more than three years.  Every
> applicant for a license to carry or possess a pistol or revolver in the city
> shall pay therefor, a fee of three hundred forty dollars for each original or
> renewal application for a three year license period or part thereof, a fee of
> ten dollars for each replacement application of a lost license.

N.Y.C. Admin. Code § 10-131(a)(2).

**FIRST CAUSE OF ACTION**

**THE $340 FEE REQUIRED BY N.Y.C. ADMIN. CODE § 10-131(a)(2)
IMPERMISSIBLY BURDENS THE RIGHT TO KEEP AND BEAR ARMS**

64.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation."  District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

65.     If a state or municipality requires its citizens to obtain licenses or registrations in order to possess handguns, then it may not refuse to issue the requisite licenses and registrations to people who are otherwise qualified.  See Heller, 554 U.S. at 635 ("Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home.").

66.     The $340 fee required for issuance or renewal of a 3-year Residence Premises handgun license – in addition to the $94.25 already charged for fingerprints and the DCJS background check – is unreasonable, burdensome, and prohibitive.

67.     Furthermore, the fees obtained by the City for issuance of Residence Premises handgun licenses are not used to defray expenses related to the issuance of handgun licenses.

68.     The $340 fee required by Defendants City and Mayor Bloomberg for issuance or renewal of a Residence Premises handgun license impermissibly burdens the exercise of Second Amendment rights.

69.     The $340 fee requirement of § 10-131(a)(2) is invalid in that and to the extent that it pertains to private citizens seeking to obtain or renew Residence Premises handgun licenses.

SECOND CAUSE OF ACTION

**N.Y. PENAL LAW § 400.00(14) DENIES EQUAL PROTECTION OF THE LAW
TO CITIZENS OF NEW YORK STATE WHO RESIDE IN NEW YORK CITY**

70.     Section 400.00(14) of the Penal Law protects New York citizens who wish to obtain handgun licenses by limiting the fee that a licensing authority may charge to a maximum of $10.   However, the statute exempts New York City (and Nassau County) and instead authorizes them to "fix the fee to be charged for a license to carry or possess a pistol or revolver and provide for the disposition of such fees."  N.Y. Penal Law § 400.00(14).

71.     On June 28, 2010 the Supreme Court held that "the right to keep and bear arms [is] among those fundamental rights necessary to our system of ordered liberty."  McDonald v. Chicago, 130 S. Ct. 3020, 3042 (2010).

72.     When state laws burden the exercise fundamental constitutional rights, "a State must establish that its classification is necessary to serve a compelling interest," and it must "adopt the least drastic means to achieve [its] ends."  Illinois State Bd. of Elections v. Socialist Workers Party, 440 U.S. 173, 185 (1979).

73.     State laws that unequally burden the exercise of fundamental constitutional rights for citizens who live in a particular municipality can only be upheld where the disparate burden is itself narrowly tailored to serve a compelling government interest.  See Illinois State Bd. of Elections, 440 U.S. at 186 ("appellant has advance no reason, much less a compelling one, why the State needs a more stringent requirement for Chicago").

74.     Section 400.00(14) of the New York Penal Law is invalid as applied to allow the imposition of a fee in excess of $10 for the issuance or renewal of a Residence Premises handgun license.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs pray for the following relief:

     i.     declaratory judgment that the $340 fee required by N.Y.C. Admin. Code § 10-131(a)(2) is invalid in that and to the extent that it is applied to private citizens seeking Residence Premises handgun licenses;

     ii.     a permanent injunction restraining Defendants City and Mayor Bloomberg, and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing N.Y.C. Admin. Code § 10-131(a)(2) so as to require private citizens seeking to obtain or renew Residence Premises handgun license to pay the $340 fee set forth therein;

     iii.     declaratory judgment that N.Y. Penal Law § 400.00(14) is invalid as applied to allow the imposition of a fee in excess of $10 for the issuance or renewal of a Residence Premises handgun license under § 400.00 of the Penal Law;

     iv.     a permanent injunction restraining Defendants City and Mayor Bloomberg, and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from requiring private citizens seeking Residence Premises handgun licenses pursuant to N.Y. Penal Law § 400.00 to pay a fee in excess of $10 to issue or renew a Residence Premises handgun license;

     v.     such other and further relief, including injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable; and

     vi.     attorney's fees and costs pursuant to 42 U.S.C. § 1988.

Dated: New York, New York
      April 5, 2011

                      DAVID JENSEN PLLC

                      By: _____
                        David D. Jensen, Esq.
                      708 Third Avenue
                      New York, New York 10017
                      Tel: 212.380.6615
                      Fax: 917.591.1318
                      david@djensenpllc.com
                      *Attorney for Plaintiffs*