UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SHUI W. KWONG; GEORGE GRECO; GLENN
HERMAN; NICK LIDAKIS; TIMOTHY S. FUREY;
SECOND AMENDMENT FOUNDATION, INC.; and
THE NEW YORK STATE RIFLE & PISTOL
ASSOCIATION, INC.,

**CITY DEFENDANTS'
ANSWER**

                                Plaintiffs,

11 Civ. 2356 (JGK)
ECF Case

-against-

MICHAEL BLOOMBERG, in his Official Capacity as
Mayor of the City of New York; CITY OF NEW YORK;
and ERIC SCHNEIDERMAN, in his Official Capacity as
Attorney General of the State of New York,

                                Defendants.

------------------------------------------------------------------- X

        Defendants, MICHAEL BLOOMBERG, in his Official Capacity as Mayor of the

City of New York, and the CITY OF NEW YORK (collectively referred to as "City

defendants"); by their attorney Michael A. Cardozo, Corporation Counsel of the City of New

York, for their Answer to the Complaint, dated April 5, 2011 ("complaint"), respectfully allege

as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiffs purport to proceed as set forth therein.

        3.     Admit that plaintiffs purport to proceed as set forth in paragraph "3" of the

complaint.

4.      Deny that the allegations set forth in paragraph "4" of the complaint accurately and completely describe the New York Penal Law ("Penal Law"), and respectfully refer the Court to the law for the full text and true meaning thereof.

5.      Deny that the allegations set forth in paragraph "5" of the complaint accurately and completely describe New York City Administrative Code ("Admin. Code") § 10-131 and the cited sections of title 38, chapter 5 of the Rules of the City of New York ("R.C.N.Y."), and respectfully refer the Court to the law for the full text and true meaning thereof.

6.      Deny that the allegations set forth in paragraph "6" of the complaint accurately and completely describe the provisions of Section 400.00(4) of the Penal Law and the procedure followed with respect to DCJS fingerprint results, and respectfully refer the Court to the law for the full text and true meaning thereof.

7.      Deny that the allegations set forth in paragraph "7" of the complaint accurately and completely describe the cited provisions of the New York Executive Law and title 9 of the New York Codes, Rules, and Regulations ("NYCRR"), and respectfully refer the Court to the law for the full text and true meaning thereof; deny the remainder of the allegations set forth in paragraph "7" of the complaint, except admit that the current fingerprint fee is $94.25 and that plaintiffs are not challenging the fingerprint fee and aver that the fingerprint fee is made payable to the New York City Police Department which is then remitted to the DCJS, and that the fee is a fingerprint fee, not a "fingerprint and investigation fee."

8.      Admit that plaintiffs purport to proceed as set forth in the allegations in paragraph "8" of the complaint.

9.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that this Court has subject matter jurisdiction over the allegations in this action.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit that jurisdiction is proper over defendant City of New York.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that venue in this district is proper.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that the records of the New York City Police Department ("N.Y.P.D.") License Division ("License Division") reflect that plaintiff Kwong resided in Brooklyn, New York at the time of his last application submission to the License Division.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except deny that plaintiff Kwong is 43 years old, as the records of the License Division reflect that petitioner's date of birth is June 2, 1962.

14.     Deny the allegations set forth in paragraph "14" of the complaint, except admit that the License Division issued plaintiff Kwong a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

15.     Deny the allegations set forth in paragraph "15" of the complaint, except admit that in the event that plaintiff Kwong applies to renew his Premises Residence handgun license, he will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

16.    Deny the allegations set forth in paragraph "16" of the complaint, except admit that the records of the License Division reflect that plaintiff Kwong paid the $340 fee in May 2009, prior to the commencement of this lawsuit.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that the records of the License Division reflect that plaintiff George Greco resided in Rockaway, New York at the time of his last application submission to the License Division.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admit that the records of the License Division reflect that plaintiff George Greco's date of birth is June 25, 1959.

19.    Deny the allegations set forth in paragraph "19" of the complaint, except admit that the License Division issued plaintiff George Greco a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

20.    Deny the allegations set forth in paragraph "20" of the complaint, except admit that in the event that plaintiff George Greco applies to renew his Premises Residence handgun license, he will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

21.    Deny the allegations set forth in paragraph "21" of the complaint, except admit that the records of the License Division reflect that plaintiff George Greco paid the $340 fee in June 2008, prior to the commencement of this lawsuit.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, except admit that the records of

the License Division reflect that plaintiff Herman resided in New York, New York at the time of his last application submission to the License Division.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint, except admit that the records of the License Division reflect that plaintiff Herman's date of birth is December 17, 1967.

24.     Deny the allegations set forth in paragraph "24" of the complaint, except admit that the License Division issued plaintiff Herman a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

25.     Deny the allegations set forth in paragraph "25" of the complaint, except admit that in the event that plaintiff Herman applies to renew his Premises Residence handgun license, he will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

26.     Deny the allegations set forth in paragraph "26" of the complaint, except admit that the records of the License Division reflect that plaintiff Herman paid the $340 fee in July 2009, prior to the commencement of this lawsuit.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint, except deny that plaintiff Lidakis resides in Queens and aver that the records of the License Division reflect that plaintiff Lidakis resided in Bronx, New York at the time of his last application submission to the License Division and that in November 2010, plaintiff Lidakis notified the License Division that he now resides in New York, New York.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint, except admit that the records of the License Division reflect that plaintiff Lidakis's date of birth is November 17, 1973.

29.     Deny the allegations set forth in paragraph "29" of the complaint, except admit that the License Division issued plaintiff Lidakis a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

30.     Deny the allegations set forth in paragraph "30" of the complaint, except admit that in the event that plaintiff Lidakis applies to renew his Premises Residence handgun license, he will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

31.     Deny the allegations set forth in paragraph "31" of the complaint, except admit that the records of the License Division reflect that plaintiff Lidakis paid the $340 fee in November 2010, prior to the commencement of this lawsuit.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the complaint, except admit that the records of the License Division reflect that plaintiff Furey resided in Bayside, Queens, New York at the time of his last application submission to the License Division.

33.     Deny the allegations set forth in paragraph "33" of the complaint, except admit that the License Division issued plaintiff Furey a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

34.     Deny the allegations set forth in paragraph "34" of the complaint, except admit that plaintiff Furey's Residence Premises handgun license expired on April 27, 2011 and

that the License Division sent plaintiff Furey a renewal application which, among other things, set forth the $340 application renewal fee.

35.     Deny the allegations set froth in paragraph "35" of the complaint, except admit that the records of the License Division reflect that plaintiff Furey paid to it the $340 fee on March 21, 2011 in connection with the submission of his renewal application.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint, except admit that the records of the License Division reflect that plaintiff Daniela Greco resided in Rockaway, New York at the time of her last application submission to the License Division.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint, except admit that the License Division issued plaintiff Daniela Greco a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

39.     Deny the allegations set forth in paragraph "39" of the complaint, except admit that in the event that plaintiff Daniela Greco applies to renew her Premises Residence handgun license, she will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

40.     Deny the allegations set forth in paragraph "40" of the complaint, except admit that the records of the License Division reflect that plaintiff Daniela Greco paid the $340 fee in May 2009, prior to the commencement of this lawsuit.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint, except admit that the records of

the License Division reflect that plaintiff Calce resided in Bronx, New York at the time of his last application submission to the License Division.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint, except admit that the records of the License Division reflect that plaintiff George Greco's date of birth is June 21, 1973.

43.     Deny the allegations set forth in paragraph "43" of the complaint, except admit that the License Division issued plaintiff Calce a Residence Premises handgun license and that as of the date of this answer, said license remains valid.

44.     Deny the allegations set forth in paragraph "44" of the complaint, except admit that in the event that plaintiff Calce applies to renew his Premises Residence handgun license, he will be required to pay the fee set forth in Admin. Code § 10-131(a)(2) and that said fee is currently $340.

45.     Deny the allegations set forth in paragraph "45" of the complaint, except admit that the records of the License Division reflect that plaintiff Calce paid the $340 fee in 2009, prior to the commencement of this lawsuit.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49.     Deny the allegations set forth in paragraph "49" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

55.     Deny the allegations set forth in paragraph "55" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

56.     Admit the allegations set forth in paragraph "56" of the complaint.

57.     Deny the allegations set forth in paragraph "57" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

58.     Deny that the allegations set forth in paragraph "58" of the complaint accurately and completely describe the Second Amendment of the United States Constitution, and respectfully refer the Court to the Second Amendment of the United States Constitution for the full text and true meaning thereof.

59.     Deny that the allegations set forth in paragraph "59" of the complaint accurately and completely describe the Fourteenth Amendment of the United States Constitution, and respectfully refer the Court to the Fourteenth Amendment of the United States Constitution for the full text and true meaning thereof.

60.    Deny that the allegations set forth in paragraph "60" of the complaint accurately and completely describe Section 400.00 of the Penal Law, and respectfully refer the Court to the cited section of the Penal Law for the full text and true meaning thereof.

61.    Deny that the allegations set forth in paragraph "61" of the complaint accurately and completely describe Section 400.00(2) of the Penal Law, and respectfully refer the Court to the cited section of the Penal Law for the full text and true meaning thereof.

62.    Deny that the allegations set forth in paragraph "62" of the complaint accurately and completely describe Section 400.00(14) of the Penal Law, and respectfully refer the Court to the cited section of the Penal Law for the full text and true meaning thereof.

63.    Deny that the allegations set forth in paragraph "63" of the complaint accurately and completely describe Admin. Code § 10-131, and respectfully refer the Court to the cited section of the Admin. Code for the full text and true meaning thereof.

64.    Deny the allegations set forth in the unnumbered heading on page 10 of the complaint, under "First Cause of Action."

65.    Neither admit nor deny the allegations set forth in paragraph "64" of the complaint because it contains legal argument for which no response is required; in the event this Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against City defendants.

66.    Deny the allegations set forth in paragraph "65" of the complaint.

67.    Deny the allegations set forth in paragraph "66" of the complaint.

68.    Deny the allegations set forth in paragraph "67" of the complaint.

69.    Deny the allegations set forth in paragraph "68" of the complaint.

70.    Deny the allegations set forth in paragraph "69" of the complaint.

71.     Deny the allegations set forth in the unnumbered heading on page 11 of the complaint, under "Second Cause of Action."

72.     Deny that the allegations set forth in paragraph "70" of the complaint accurately and completely describe Section 400.00(14) of the Penal Law, and respectfully refer the Court to the cited section of the Penal Law for the full text and true meaning thereof.

73.     Neither admit nor deny the allegations set forth in paragraph "71" of the complaint because it contains legal argument for which no response is required; in the event this Court requires a response, deny the allegations insofar as they allege or purport to allege that plaintiffs have a valid claim against City defendants.

74.     Deny the allegations set forth in paragraph "72" of the complaint.

75.     Deny the allegations set forth in paragraph "73" of the complaint.

76.     Deny the allegations set forth in paragraph "74" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

77.     The Complaint should be dismissed as it fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

78.     At all times relevant to the case, City defendants acted in a lawful and reasonable manner and in accordance with the laws and the Constitution of the United States.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

79.     City defendants' actions and the provisions of law in question are in all respects legal, proper and reasonable and in conformity with all applicable laws and regulations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

80.     Some or all of the plaintiffs lack standing to assert some or all of the claims set forth in the complaint.

**WHEREFORE,** City defendants request judgment dismissing the complaint and denying all relief requested therein, along with costs and disbursements, together with such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 26, 2011

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for City Defendants
                          100 Church Street, 5th Floor
                          New York, NY  10007
                          (212) 788-0758


                          By: _____
                              MICHELLE GOLDBERG-CAHN
                              Assistant Corporation Counsel