UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Shui W. Kwong, et al., : Civil Action Number:
: 11 cv 2356
               Plaintiffs, :
: (Hon. John G. Koeltl)
   -against- :
:
Michael Bloomberg, et al., : PLEADING IN
: INTERVENTION
               Defendants. :
-----------------------------------------------------X

      ERIC T. SCHNEIDERMAN, Attorney General of the State of New York ("Intervenor"), for his pleading in intervention, states as follows:

      1.      By Complaint dated April 5, 2011, Plaintiffs Shui W. Kwong, George Greco, Glenn Herman, Nick Lidakis, Timothy S. Furey, Daniela Greco, Nunzio Calce, the Second Amendment Foundation, Inc. and the New York State Rifle & Pistol Association, Inc. ("Plaintiffs") commenced this action pursuant to 42 U.S.C. § 1983 asserting that Penal Law § 400.00(14) ("the Statute") impermissibly burdens their Second Amendment right to bear arms, and violates their rights under the Equal Protection Clause of the United States Constitution.

      2.      Attorney General Schneiderman was named as a defendant in the Complaint, but by Stipulation of Dismissal and Intervention executed by the parties, so-ordered by the Court and entered on May 23, 2011, Attorney General Schneiderman was dismissed as a defendant and intervened herein to defend the constitutionality of Penal Law § 400.00(14) pursuant to 28 U.S.C. § 2403(b) and Rule 24(a)(1) of the Federal Rules of Civil Procedure.

3. Except by this intervention, neither the State of New York, nor any agency of the State nor any officer or employee of it as an officer or employee is a party to this action.

4. Penal Law § 400.00(14) affects the public interest and the public interest would be greatly prejudiced if the contention that the Statute is unconstitutional were sustained.

5. Intervenor's sole purpose in intervening herein is to defend the constitutionality of the Statute. For that purpose, Intervenor responds to the Complaint as follows:

6. Paragraphs 1 through 3 of the Complaint contain Plaintiffs' characterization of the action and accordingly require no response. To the extent a response may be deemed required, Intervenor denies the allegations set forth therein.

7. Paragraphs 4 through 7 contain Plaintiffs' characterization of relevant statutes and accordingly require no response. To the extent a response may be deemed required, Intervenor refers the Court to the text of the relevant statutes but admits that a license is required to posses a handgun in New York State and New York City and that a person applying for applying for a handgun license anywhere in New York State must submit fingerprints which are processed by the Division of Criminal Justice Services ("DCJS") for a fee and otherwise denies knowledge or information as to the remaining allegations of these paragraphs.

8. Paragraph 8 through 11 contain Plaintiffs' characterization of the action and accordingly requires no response. To the extent a response may be deemed required, Intervenor denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth therein.

9. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 through 55 of the Complaint.

10. Intervenor admits the allegations contained in paragraph 56 of the Complaint.

11. Intervenor denies the allegations contained in paragraph 57 of the Complaint in light of the Stipulation and Order entered on May 23, 2011 in which the Plaintiffs voluntarily withdrew all claims against the Attorney General.

12. Paragraph 58 through 63 contain Plaintiffs' quotation or characterization of selected portions of the United States Constitution, New York State Penal Code, and New York City Administrative Code to which no response is required. To the extent that a response is required, Intervenor refers the Court to the full text of such provisions and admits that the provisions so read.

13. Paragraphs 64 and 65 contain Plaintiffs' characterization of the Supreme Court decision in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783 (2008) to which no response is required. To the extent that response is required, Intervenor refers the Court to the full text of that decision and denies Plaintiffs' characterization except admits that in Heller, the Supreme Court recognized an individual right of certain citizens to posses a handgun in their homes for self-defense purposes.

14. Intervenor denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 66 through 69 of the Complaint.

15. Paragraph 70 contains Plaintiffs' characterization of Penal Law § 400.00(14) and accordingly requires no response. To the extent a response may be deemed required, Intervenor refers the Court to the full text of such provisions and admits that the provisions

so read.

16. Intervenor admits the allegation contained in paragraph 71 of the Complaint that on June 28, 2010, in McDonald v. City of Chicago, Ill., __U.S. __ , 130 S.Ct. 3020 (2010), the Supreme Court, in a plurality decision, held that the Second Amendment right recognized in District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783 (2008) is applicable to the states, refers the Court to the full text of the decision itself and otherwise denies the allegations contained in that paragraph.

17. Paragraph 72 of the Complaint contains a legal conclusion and Plaintiffs' citation to a case they assert supports this contention and thus no response is required. To the extent that a response is required, Intervenor denies the same.

18. Paragraph 73 of the Complaint contains a legal conclusion and Plaintiffs' citation to a case they assert supports this contention and thus no response is required. To the extent that a response is required, Intervenor denies the same.

19. Intervenor denies the allegations of paragraph 74 of the Complaint.

20. Intervenor admits that in their prayer for relief, Plaintiffs set forth the relief requested but denies that Plaintiffs are entitled to such relief.

WHEREFORE, Intervenor New York State Attorney General Eric Schneiderman prays that:

1. The Court reject Plaintiffs' contention that Penal Law § 400.00(14) is unconstitutional.

2. The Court adjudge and declare (a) that Plaintiffs have failed to state a justiciable claim on which relief may be granted as to the constitutionality of Penal Law §

400.00(14); (b) that Penal Law § 400.00(14) as applied to the facts in this case is constitutional; and/or (c) Plaintiffs lack standing to challenge Penal Law § 400.00(14).

    3.    The Court issue an order dismissing the Complaint insofar as it pertains to Penal Law § 400.00(14), award Intevenor his costs and disbursements, and grant to Intervenor such other and further relief as is just and proper.

Dated: New York, New York
        June 22, 2011

          ERIC T. SCHNEIDERMAN
          Attorney General of the
          State of New York
          <u>Intervenor</u>
          By:

          /s/
          _____
          MONICA CONNELL (MC-9841)
          Assistant Attorney General
          120 Broadway, 24TH Floor
          New York, NY 10271
          (212) 416-8965

TO:    David Jensen, Esq. *(Via ECF)*
       David Jensen PLLC
       <u>Attorneys for the Plaintiffs</u>
       708 Third Avenue
       New York, New York 10017
       Tel. 212-380-6615
       Fax 917-591-1318

       Michelle Goldberg-Cahn *(Via ECF)*
       Senior Counsel
       New York City Law Department
       <u>Attorneys for the City Defendants</u>
       100 Church Street, 5-171
       New York, NY  10007
       Tel. 212-788-0758
       Fax 212-791-9714