UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
Shui W. Kwong, et al.,                              :         Civil Action Number:
                                                    :         11 cv 2356
                        Plaintiffs,                 :
                                                    :         (Hon. John G. Koeltl)
        -against-                                   :
                                                    :
Michael Bloomberg, et al.,                          :
                                                    :
                        Defendants.                 :
------------------------------------------------------X

**INTERVENOR'S RESPONSE TO PLAINTIFFS' COUNTER-STATEMENT
OF UNDISPUTED MATERIAL FACTS.**

Pursuant to Local Rule 56.1 of the Civil Rules of the United States District Courts for the Eastern and Southern Districts of New York, Intervenor Attorney General Eric T. Schneiderman, Attorney General of the State of New York ("Intervenor"), hereby submits the following response to the Plaintiffs' second Counter-Statement of Undisputed Material Facts, dated August 24, 2011.

Plaintiffs have moved for summary judgment before any discovery has taken place in this action. As a result, in response to some of Plaintiffs' asserted statements of undisputed facts, Intervenor must state that he can neither concede nor dispute the statement because of the lack of discovery. Intervenor submits that in those instances where he cannot state whether he disputes a statement, the asserted facts are not material to Intervenor's Motion for Summary Judgment. Intervenor's responses bear the same paragraph numbers as used by Plaintiffs in their Statement of Undisputed Material Facts.

1.      Members of Plaintiff Second Amendment Foundation, Inc. ("SAF") have complained to the organization about the handgun license fees in the City of New York, including specifically the Residence Premises license fee, and have sought advice about

the fee and any alternatives to the fee, as well as requesting that the organization take legal action to address the fee. Ex. 1, Supp. Declaration of Miko Tempski ("Supp. Tempski Dec.") ¶¶ 3-5.

**RESPONSE 1:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiffs have failed to supply any specific information as to the identities of any members who have complained, when they complained, to whom they complained, and whether they were prevented from obtaining a premises license.

2. SAF has expended its time, energy, and resources to respond to these inquiries and requests. SAF employees and volunteers have corresponded with individuals making these inquiries and requests by telephone and by e-mail, and the time that SAF employees have spent dealing with such inquiries and requests has prevented them from engaging in other work on behalf of SAF. Supp. Tempski Dec. ¶ 6.

**RESPONSE 2:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiffs have failed to supply any specific information as to the identities of any members who have made inquiries, when they inquired, to whom they inquired, any response they received, and what resources were allegedly expended.

3. SAF has also prepared written materials regarding the amount of the license fee and proposals to change the license fee and distributed them on the internet for the benefit of its members and the inquiring public. SAF employees and volunteers have expended time, energy, and resources to prepare and distribute of these materials. Supp. Tempski Dec. ¶ 7.

**RESPONSE 3:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiffs have failed to supply any specific information as to the resources allegedly expended or the written materials allegedly prepared and disseminated.

    4.    Members of SAF live in New York City and have paid the $340 fee. Declaration of Miko Tempski (Doc. No. 25-8) ¶ 7.

**RESPONSE 4:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiffs have failed to specifically identify members who live in New York, and when they paid the $340 fee and when such members joined SAF.

    5.    Members of Plaintiff The New York State Rifle & Pistol Association, Inc. ("NYSRPA") have complained to the organization about the handgun license fees in the City of New York, including specifically the Residence Premises license fee, and have sought advice about the fee and any alternatives to the fee, as well as requesting that the organization take legal action to address the fee. Ex. 2, Supp. Declaration of Thomas H. King ("Supp. King Dec.") ¶¶ 3-5.

**RESPONSE 5:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiff has failed to supply any specific information as to the identities of any members who have complained, when they complained, to whom they complained, whether they were prevented from obtaining a premises license, and what advice they received.

    6.    NYSRPA has expended its time, energy, and resources to respond to these inquiries and requests. For example, NYSRPA and its volunteers have corresponded with

individuals making these inquiries and requests by telephone and by e-mail. Supp. King Dec. ¶ 6.

**RESPONSE 6:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and that Plaintiffs have failed to supply any specific information as to the resources allegedly expended or the written materials allegedly prepared and disseminated.

   7.  NYSRPA publishes a web page at http://www.nysrpa.org that includes, *inter alia*, information on New York City firearms regulations, specifically including the $340 license fee, and attempts to decrease that fee to a reasonable amount. NYSRPA has expended time, energy, and other resources to develop and publish these materials. Supp. King. Dec. ¶ 7.

**RESPONSE 7:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general and while NYSRPA claims that its website addresses licensing fees in New York City and efforts to lower those fees, a visit to its site, www.nysrpa.org, on September 23, 2011 failed to identify any such materials.

   8.  NYSRPA representatives have provided testimony to the New York City Council in favor of lowering the fee. The time that NYSRPA representatives have spent dealing with such inquiries and requests has prevented them from engaging in other work on behalf of NYSRPA. Supp. King. Dec. ¶ 8.

**RESPONSE 8:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs' allegations are vague and general.

9. Members of NYSRPA live in New York City and have paid the $340 fee. Declaration of Thomas H. King (Doc. No. 25-9) ¶ 7.

**RESPONSE 9:** Intervenor denies sufficient information to confirm or deny Plaintiffs' assertion on this point but notes that Plaintiffs allegations are vague and general and that Plaintiff has failed to supply any specific information as to the identities of any members who live in New York and when they became members of the organization.

Dated: New York, New York
October 4, 2011

                                       ERIC T. SCHNEIDERMAN
                                       Attorney General of the
                                       State of New York
                                       <u>Attorney for State Defendants</u>
                                       By:

                                                /s/
                                       _____

                                       Monica Connell
                                       Assistant Attorney General
                                       120 Broadway - 24th Floor
                                       New York, New York 10271
                                       (212) 416 - 8965